## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FAT BRAIN TOYS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br> v. <br><br> QUANZHOUTAISHANGTOUZIQUYUJINGM AOYIYOUXIANGONGSI d/b/a/ Awalvy, <br><br> Defendant. | Civil Action No.: <br><br> **VERIFIED COMPLAINT and JURY TRIAL DEMANDED** |

FAT BRAIN TOYS, LLC ("FAT BRAIN" or "Plaintiff"), by its undersigned attorneys, complains against QUANZHOUTAISHANGTOUZIQUYUJINGMAOYIYOUXIANGONGSI d/b/a/ Awalvy ("Defendant" or "Awalvy"), as follows:

### STATUTORY BASIS AND NATURE OF ACTION

1.      This action is for (1) trade dress infringement under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (2) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      Plaintiff seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendant's unlawful conduct.

### THE PARTIES

3.      Plaintiff FAT BRAIN is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business at 20516 Nicholas Circle, Elkhorn, Nebraska 68022. Plaintiff manufactures, distributes, and sells a variety of children's toys at retail and wholesale, including a children's Science, Technology, Engineering, and Mathematics ("STEM") toy called "AIR TOOBZ". Plaintiff has manufactured, distributed, and sold AIR TOOBZ since September 2023.

4.      Defendant is an individual or business entity of unknown makeup which, on information and belief, manufactures, distributes, or sells a children's toy called "Air-Powered STEM Building Toy" ("INFRINGING PRODUCT"), and/or which owns or operates one or more e-commerce webpages where it sells the INFRINGING PRODUCT under the seller alias "quanzhoutaishangtouziquyujingmaoyiyouxiangongsi" or "Awalvy". On information and belief, Defendant resides and/or operates in the People's Republic of China, or redistributes products from the same or similar sources in that location. *See* Awalvy Federal Communications Commission Application attached hereto as **Exhibit 1**; Awalvy United States Trademark Registration attached hereto as **Exhibit 2;** Online Sellers Pages attached hereto as **Exhibit 3**; Online Product Listings attached hereto as **Exhibit 4**. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5.      On information and belief, Awalvy is a foreign individual or entity with its principal place of business at Room 402, Building 10, Jinmao Project No. 888 Yayi Street, Taiwan Businessmen Investment Zone Quanzhou City, Fujian Province, China. *See* Exhibit 1. On information and belief, Awalvy maintains the following email addresses: o.kneip@kl-certification.de, AirToysFCC@outlook.com, and info@aitek.org.cn. *Id.*

6.      The tactics used by Defendant to conceal its identity and the full scope of its operations make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact interworking of its counterfeit network. If Defendant provides additional credible information regarding its identity, Plaintiff will take appropriate steps to amend the Complaint.

7.      On information and belief, Defendant is engaged in the manufacture, distribution, and sale of a children's toy called "Air-Powered STEM Building Toy" ("INFRINGING PRODUCT"). Defendant is a direct competitor of Plaintiff.

8.      Defendant utilizes a nationwide business model whereby it sells the INFRINGING PRODUCT directly to consumers across the United States—including in Nebraska—via third-party websites, including but not limited to Amazon.com.

9.      Defendant is infringing Plaintiff's trade dress for its distinctive AIR TOOBZ packaging, design and configuration (the "AIR TOOBZ Trade Dress"). In addition, Defendant is infringing Plaintiff's AIR TOOBZ slogan, "Air-Powered Play" (the "AIR TOOBZ Slogan"), through use of the similar phrase, "Air-Powered STEM Building Toy".

10.     In an effort to trade on Plaintiff's valuable goodwill and reputation, Defendant has copied Plaintiff's distinctive AIR TOOBZ Trade Dress and is making a false designation of origin, or false or misleading description or representation of fact, regarding the INFRINGING PRODUCT.

11.     Defendant's conduct complained of herein infringes Plaintiff's AIR TOOBZ Trade Dress and Slogan, and is likely to cause confusion, mistake or deception as to the source of Defendant's goods or as to an affiliation, connection, or association between Plaintiff and Defendant, or concerning the origin, sponsorship, or approval of Defendant's goods by Plaintiff, to Plaintiff's detriment and Defendant's unjust enrichment.

**JURISDICTION AND VENUE**

12.     This court has subject matter jurisdiction over this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b), and the pendent jurisdiction of this court.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)-(c), and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Nebraska, through fully

interactive, e-commerce stores. Specifically, Defendant has targeted sales to Nebraska residents by setting up and operating e-commerce stores that target United States consumers; offering shipping to the United States, including Nebraska; and accepting payment in U.S. dollars. Defendant has sold and continues to sell products using infringing versions of Plaintiffs' trade dress and slogan to Nebraska customers. Defendant is committing tortious acts in Nebraska, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Nebraska. Moreover, the damage to Plaintiff and its AIR TOOBZ Trade Dress and Slogan described herein has occurred and continues to occur in this judicial district.

## BACKGROUND

A.    **Plaintiff's Business and Trade Dress**

14.    Plaintiff is a manufacturer, distributor, and seller of children's toys, and is based out of Nebraska.

15.    Plaintiff's products include, but are not limited to, AIR TOOBZ, an air-powered STEM building toy for kids and teens.

16.    Plaintiff's AIR TOOBZ is widely renowned and has won multiple awards, including: the 2023 Oppenheim Toy Portfolio Platinum Award, a prestigious independent accolade; the 2024 ASTRA Play Award – Science Category (winner for standout science-focused play); the 2024 WITTY Prize (UK Toy Inventors' Dinner – Recognized by MOJO Nation); and the 2024 BlogOn Summer Toy Awards (2nd Place in the Influencers' and Kids' Choice Categories). AIR TOOBZ was also named as a finalist for the STEAM Toy of the Year Category as part of the 2023 Toy of the Year Awards.

17.    Since September 2023, Plaintiff has continuously manufactured, distributed, and sold AIR TOOBZ in interstate commerce in connection with its goods, including in Nebraska and

throughout the United States, via Amazon.com, Plaintiff's website, Plaintiff's brick and mortar stores, Target, Hammacher, Sharper Image, and Scheels. Below is a screenshot of Plaintiff's AIR TOOBZ product listing on Amazon.com:



18.    Plaintiff advertises AIR TOOBZ with the slogan "Air-Powered Play" (the "AIR TOOBZ Slogan").

19.    Plaintiff packages AIR TOOBZ in the following distinctive trade dress (the "AIR TOOBZ Packaging"):



**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – FRONT)**



**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – BACK)**

 

**FAT BRAIN'S AIR TOOBZ (A)
(PACKAGING – SIDES)**



**FAT BRAIN'S AIR TOOBZ (A)
(PACKAGING – INSIDE)**

20.     As shown above, AIR TOOBZ is packaged in a container of a unique orange hue, with an orange plastic handle affixed to the top of the box. This unique orange color is the same as that featured in Plaintiff's company logo, as pictured below:



21.     The outside of the AIR TOOBZ Packaging contains statements including, "Over 40 high-quality components!" and "Includes 20 soft, colorful foam balls, 6 clear 12-inch tubes, 6 translucent orange corner tubes, 1 T-tube, 1 silicone funnel, 12 easy-fit connectors, 1 fan unit, [and a] charging adapter."

22.     In addition, AIR TOOBZ, and all of its components therein, have the following distinctive design ("AIR TOOBZ Design"; and, together with AIR TOOBZ Packaging, the "AIR TOOBZ Trade Dress"):



**FAT BRAIN'S AIR TOOBZ (A)**
**(DISASSEMBLED COMPONENTS)**



**FAT BRAIN'S AIR TOOBZ (A)**
**(ASSEMBLED COMPONENTS)**

23.    The AIR TOOBZ Design contains the following components:

a.   5 light green balls (with a unique, almost-neon hue);

b.   5 light blue balls (with a unique, almost-neon hue);

c.   5 red balls (with a unique, almost-neon hue);

d.   5 purple balls (with a unique, almost-neon hue);

e.   6 clear tubes;

f.   6 translucent orange corner tubes;

g.   12 opaque orange tube connectors;

h.   1 opaque orange T-tube;

i.   1 opaque orange funnel;

j.   1 white fan unit with orange accents; and

k.   1 black charging adapter.

24.    The AIR TOOBZ Design uses the same unique orange color scheme as the AIR TOOBZ Packaging. Many of the AIR TOOBZ's individual components, such as the corner tubes, tube connectors, T-tube, funnel, and fan unit, are various shades of the same unique orange hue as the AIR TOOBZ Packaging.

25.    Plaintiff has expended considerable time, resources and effort in developing and promoting AIR TOOBZ, and its Trade Dress and Slogan, in Nebraska and throughout the United States. For example, Plaintiff's AIR TOOBZ is available (among other places) on Amazon.com, on Plaintiff's website, and in Plaintiff's brick and mortar stores. As a result, Plaintiff has developed substantial recognition and goodwill among the public and the trade throughout the United States and has developed significant intellectual property rights and asset value in its AIR TOOBZ, and its Trade Dress and Slogan. Defendant's unlawful actions are negatively impacting and will continue to negatively impact the goodwill and high-quality reputation enjoyed by Plaintiff related to AIR TOOBZ, and its Trade Dress and Slogan, unless Defendant is enjoined from copying Plaintiff's AIR TOOBZ Trade Dress and Slogan.

**B**.    **Defendant's Business and Unlawful Actions**

26.    Defendant has a nationwide business model whereby it markets, promotes and sells the INFRINGING PRODUCT to consumers across the United States, including in Nebraska, via third-party websites including but not limited to Amazon.com and IBSPOT.com, as pictured in the below screenshots. *See also* Exhibit 4.

10





27.     Defendant has sold a substantial number of units of the INFRINGING PRODUCT to consumers across the United States and in this District. For example, the Amazon.com page for the INFRINGING PRODUCT shows 42 reviews written by consumers who purchased the INFRINGING PRODUCT, all of whom are located in the United States. These reviews indicate

that Defendant has sold and distributed, *at minimum*, dozens of units of the INFRINGING

PRODUCT to consumers across the country. These reviews represent only a fraction of the number

of units of the INFRINGING PRODUCT that Defendant has sold to American consumers. Some

of the reviews are dated as recent as September 10, 2025, as depicted by the following screenshot

of one of the reviews:



★★★★★ **Great STEM toy for all ages!**
Reviewed in the United States on September 10, 2025
**Verified Purchase**

My three kids (3,7,&10) ALL love playing with this! They love arranging the tubes in different ways and seeing how the balls come out. The suction is strong and it performs really well with no glitches. The battery also charges when plugged in so it can be portable if needed. Really cool stem toy for kids!



Helpful  |  Report

28.    In addition, Defendant has sold a substantial number of units of the INFRINGING

PRODUCT to Nebraska consumers and distributed the INFRINGING PRODUCT throughout

Nebraska as a result.

29.    Defendant has sold the INFRINGING PRODUCT to Nebraska consumers and

distributed its product throughout Nebraska on multiple occasions.

30.    Defendant sells the INFRINGING PRODUCT in direct competition with Plaintiff's

AIR TOOBZ by marketing and advertising the INFRINGING PRODUCT directly to Nebraska

consumers.

31.    The INFRINGING PRODUCT is directly marketed to Plaintiff's customers,

including Plaintiff's customers in Nebraska. For example, on the Amazon.com webpage for

Plaintiff's AIR TOOBZ, the INFRINGING PRODUCT is advertised at the top of the page under the section titled, "Customers who viewed this item also viewed", as pictured in the below screenshot.



32.     Defendant copied Plaintiff's distinctive AIR TOOBZ Trade Dress in its packaging, design and configuration of the INFRINGING PRODUCT. The packaging, design and configuration of the INFRINGING PRODUCT is strikingly similar to the AIR TOOBZ Trade Dress in numerous ways, and likely to confuse consumers as to the source of the product or affiliation with FAT BRAIN.

33.     The INFRINGING PRODUCT is packaged in a cardboard container of approximately the same size and unique orange hue as the AIR TOOBZ Packaging, with photographs of the assembled product on the outside of the packaging just like the AIR TOOBZ Packaging:





**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – SIDE)**

**INFRINGING PRODUCT (B)**
**(PACKAGING – SIDE)**





**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – FRONT)**

**INFRINGING PRODUCT (B)**
**(PACKAGING – FRONT)**





**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – BACK)**

**INFRINGING PRODUCT (B)**
**(PACKAGING – BACK)**

34.    The outside packaging of the INFRINGING PRODUCT also depicts the same statements—verbatim—as the AIR TOOBZ Packaging: "Over 40 high-quality components!" and "Includes 20 soft, colorful foam balls, 6 clear 12-inch tubes, 6 translucent orange corner tubes, 1 T-tube, 1 silicone funnel, 12 easy-fit connectors, 1 fan unit, [and a] charging adapter."

35.    The inside of the INFRINGING PRODUCT's packaging is similar to AIR TOOBZ's Packaging as well. A side-by-side comparison of the two products reveal that the INFRINGING PRODUCT uses the exact same orange color scheme as the AIR TOOBZ Packaging, and that the INFRINGING PRODUCT has a plastic handle affixed to the top of the box in the exact same location as the AIR TOOBZ Packaging:



**FAT BRAIN'S AIR TOOBZ (A)**
**(PACKAGING – BACK)**

**INFRINGING PRODUCT (B)**
**(PACKAGING – BACK)**

36.     In addition, the INFRINGING PRODUCT has a strikingly similar design compared to the AIR TOOBZ Design. Specifically, the INFRINGING PRODUCT has the same number and types of components as Plaintiff's AIR TOOBZ, as pictured below.



**FAT BRAIN'S AIR TOOBZ (A)**
**(DISASSEMBLED COMPONENTS)**



**INFRINGING PRODUCT (B)**
**(DISASSEMBLED COMPONENTS)**

37.    Every individual component of the INFRINGING PRODUCT has the same unique color scheme as its corresponding AIR TOOBZ counterpart, namely:

    a.    5 light green balls;

    b.    5 light blue balls;

    c.    5 red balls;

    d.    5 purple balls;

    e.    6 clear tubes;

    f.    6 translucent orange corner tubes;

    g.    12 opaque orange tube connectors;

    h.    1 opaque orange T-tube;

    i.    1 opaque orange funnel;

    j.    1 white fan unit with orange accents; and

    k.    1 black charging adapter.

38.    In addition, the size and shape of each of the products' components are similar, as pictured below. Notably, the INFRINGING PRODUCT's foam balls fit inside the AIR TOOBZ tubes, and can be used with the AIR TOOBZ.



**FAT BRAIN'S AIR TOOBZ (A) vs. INFRINGING PRODUCT (B)**
**(LIGHT GREEN BALL)**



**FAT BRAIN'S AIR TOOBZ (A) vs. INFRINGING PRODUCT (B)**
**(OPAQUE ORANGE FUNNEL)**



**FAT BRAIN'S AIR TOOBZ (A) vs. INFRINGING PRODUCT (B)**
**(OPAQUE ORANGE T-TUBE)**



**FAT BRAIN'S AIR TOOBZ (A) vs. INFRINGING PRODUCT (B)
(TRANSLUCENT ORANGE CORNER TUBE)**



**FAT BRAIN'S AIR TOOBZ (A) vs. INFRINGING PRODUCT (B)
(CLEAR TUBE WITH OPAQUE ORANGE TUBE CONNECTORS)**

39.     Below are pictures of both products assembled in the same configuration.



**FAT BRAIN'S AIR TOOBZ (A)**
**(ASSEMBLED COMPONENTS)**



**INFRINGING PRODUCT (B)**
**(ASSEMBLED COMPONENTS)**

40.    Furthermore, the INFRINGING PRODUCT instruction manual slavishly copied the unique subtitles and specific instructions verbatim from the AIR TOOBZ instruction manual. Here is one of many examples:



**FAT BRAIN'S AIR TOOBZ (A)**
**(INSTRUCTIONS)**



**INFRINGING PRODUCT (B)**
**(INSTRUCTIONS)**

41.     The INFRINGING PRODUCT's packaging also describes the product as "Air-Powered STEM Building Toys". This description copied AIR TOOBZ's distinctive Slogan, "Air-Powered Play," by using the unique phrase "Air-Powered".

42.     Defendant has no need to use the AIR TOOBZ Trade Dress or Slogan to describe or market the INFRINGING PRODUCT.

43.     The striking similarity between the Parties' respective trade dresses and slogans, is likely to cause confusion with regard to the source of the INFRINGING PRODUCT. Thus, Defendant has been and continues to be engaged in acts that are injurious and deceptive to the public and have caused Plaintiff irreparable harm, and Defendants are likely to continue those unlawful, injurious and deceptive acts unless enjoined by this Court.

**COUNT I**
**VIOLATION OF THE LANHAM ACT**
**<u>FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)(1)(A)</u>**

44.     Plaintiff FAT BRAIN realleges and incorporates by reference paragraphs 1-43 of its Complaint as if fully set forth herein.

45.     This Count is based on trade dress infringement in violation of 15 U.S.C. § 1125(a)(1)(A). Plaintiff has used and is currently using its AIR TOOBZ Trade Dress—specifically, the AIR TOOBZ Packaging and AIR TOOBZ Design—in commerce to identify its goods and services and to distinguish them from the goods and services of others.

46.     Plaintiff has a protectible interest in the AIR TOOBZ Trade Dress through its years of exclusive use and pervasive marketing.

47.     Long after Plaintiff's first use of its AIR TOOBZ Trade Dress, Defendant began copying the AIR TOOBZ Trade Dress in commerce to identify Defendant's goods and to advertise Defendant's INFRINGING PRODUCT. Those unlawful acts of Defendant are likely to confuse, cause mistake, or deceive consumers that Defendant's services are authorized by, sponsored by or affiliated with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

48.     Defendant's violation of 15 U.S.C. § 1125(a) is willful and deliberate.

49.     As a result of Defendant's willful and unlawful acts, Plaintiff has been, is now and will continue to be damaged and irreparably harmed and thus Plaintiff has no adequate remedy at law.

50.     Defendant will continue such unlawful acts unless enjoined by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment:

A.      that Defendant is liable for trade dress infringement relative to Plaintiff's AIR TOOBZ Trade Dress;

B.

C.      preliminarily and permanently restraining and enjoining Defendant, its directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further infringement of said AIR TOOBZ Trade Dress or Slogan, including:

(1)     reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Defendant's business without the consent of Plaintiff, the words or phrase "Air-Powered," exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks on products similar to Plaintiff's AIR TOOBZ Trade Dress or Slogan;

(2)    using in any way in connection with Defendant's business any other mark, designation or term so similar to Plaintiff's AIR TOOBZ Trade Dress or Slogan as to be likely to cause confusion, or to cause mistake, or to deceive;

(3)    otherwise infringing Plaintiff's AIR TOOBZ Trade Dress or Slogan;

(4)    injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's AIR TOOBZ Trade Dress and Slogan, and from otherwise unfairly competing, directly or  indirectly with Plaintiff; and

(5)    causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct that tends to pass off Defendant's products or services as those of Plaintiff or creates a likelihood of confusion or misunderstanding or false representation;

D.    ordering that those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com or IBSPOT.com, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the INFRINGING PRODUCT;

E.    ordering Defendant to account for and pay to Plaintiff its actual damages by reason of Defendant's infringement, unfair competition, and breach of contract, and to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant from its infringement and other unlawful acts, and such other damages as appear proper to the Court;

F.      ordering Defendant to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, computer files (including but not limited to any text and/or images that are hosted on defendant's web site(s) or social media sites, or on any of defendant's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its agents, that bear the AIR TOOBZ Trade Dress or Slogan, alone or in combination with other words or terms or any mark or term confusingly similar to Plaintiff's AIR TOOBZ Trade Dress and Slogan, including all means of making the same;

G.      granting Plaintiff a judgment for punitive damages in an amount to be determined;

H.      ordering Defendant to file in Court and to serve upon Plaintiff's counsel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

I.      finding Defendant to have willfully infringed the AIR TOOBZ Trade Dress and Slogan, and awarding Plaintiff enhanced damages of three (3) times its compensatory damages for Defendant's willful infringement;

J.      awarding Plaintiff pre-judgment and post-judgment interest;

K.      finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to Plaintiff;

L.      awarding costs to Plaintiff; and

M.      granting Plaintiff such other and further relief as may be proper under the circumstances.

Dated: November 25, 2025

FAT BRAIN TOYS, LLC, Plaintiff,


By:    /s/Krista M. Eckhoff
       _____
       Krista M. Eckhoff (NE# 25346)
       Adam J. Kost (NE# 26819)
of     BAIRD HOLM LLP
       1700 Farnam Street
       Suite 1500
       Omaha, NE  68102-2068
       Phone: 402-344-0500
       Email:  keckhoff@bairdholm.com
       Email:  akost@bairdholm.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and thereby caused it to be served on all counsel of record registered to receive such service.

/s/ Krista M. Eckhoff
_____

28

## **VERIFICATION**

| | | |
|---|---|---|
| STATE OF NEBRASKA | ) | |
| | ) | ss.: |
| COUNTY OF DOUGLAS | ) | |

Jeffrey Jackson, being duly sworn, deposes and says that I am the Executive Vice President of Fat Brain Toys, LLC in the case captioned *Fat Brain Toys, LLC v. quanzhoutaishangtouziquyujingmaoyiyouxiangongsi d/b/a/ Awalvy*, and I have authorized the filing of this Complaint. I have reviewed the allegations made in the foregoing Verified Complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on the personal knowledge of my colleagues, which I believe to be true.

Jeffrey Jackson, Executive Vice President

Sworn to me this 24th day of November, 2025.

Notary Public

MASSIEL M. GONZALEZ
NOTARY PUBLIC
STATE OF RHODE ISLAND
MY COMMISSION EXPIRES APRIL 01, 2027